UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN S. PIERCE,

    Plaintiff,

    v.                                                        Cause No. 3:23-CV-995-PPS-JEM

JOHN GALIPEAU, *et al.*,

    Defendants.

## OPINION AND ORDER

Kevin S. Pierce, a prisoner without a lawyer, filed a letter asking me to reopen this case. [DE 19.] I dismissed the case on March 8, 2024, because Pierce had not responded to a show cause order regarding the non-payment of his filing fee. [*See* DE 13; DE 14.] He now claims he never received the show cause order, and he has since submitted his inmate trust fund ledger and has made additional payments towards the filing fee. Accordingly, I will construe his letter as a motion to reconsider pursuant to Federal Rule of Civil Procedure 59(e), and I will grant the request to reopen for the purpose of conducting a screening as required by 28 U.S.C. § 1915A.

Under that statute, I must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Pierce is proceeding without counsel, his allegations must be given liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Notably, however, a plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Pierce, who is currently incarcerated at the Miami Correctional Facility, alleges he was transferred from the Edinburgh prison to the Westville Correctional Facility on September 3, 2021. When he arrived, he repeatedly asked Sgt. Brown to secure his personal property—that had been previously inventoried and placed in boxes by officers in Edinburgh—by marking the boxes with his name and searching it in a "safe area" according to Indiana Department of Correction (IDOC) policy. [DE 1 at 3.] When he was released into the general population two weeks later, Quinton Davis, the property officer, informed Pierce he would receive his personal property later that day. Pierce never received the property despite inquiring about it several times. When he wrote to his case manager, Ms. Sams, she replied, "I am trying to figure this out but no one seems to know where your stuff is." *Id*. Pierce claims the staff at the Westville Correctional Facility "was negligent in their actions of handling my property upon my arrival at their facility" and that their negligence and failure to follow IDOC policy resulted in his property being lost or stolen.

Pierce states he tried to file a small claims case, but he was told his filing had procedural deficiencies. He was then able to refile it, but the small claims court

determined he had "not shown any negligence on behalf of the officers at Westville." *Id*. at 4. Pierce believes these were "blockades" by the court system. *Id*. at 5.[1] He has sued Warden John Galipeau, Property Officer Quinton Davis, and Sgt. Brown for monetary damages. Specifically, he seeks $6,900 for his lost commissary, food, clothing, electronics, photos, letters, dentures, legal postage, and emotional pain and suffering.

I cannot provide Pierce the relief he seeks because his property loss does not constitute a federal claim. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law," but a state tort claims act which provides a method to seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees. Those state laws provide an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). *See also Johnson v. Wallich*, 578 Fed. Appx. 601, 602 (7th

---

[1] He also attaches a letter from the Office of the Attorney General stating the tort claim he submitted had received a "thorough review" and a determination had been reached that a "settlement is not warranted in this matter and, therefore, the claim is denied." [DE 1-1 at 15.]

Cir. 2014) (affirming dismissal with prejudice of plaintiff's property loss claims pursuant to 28 U.S.C. § 1915A(b)(1) because state law provides post deprivation "remedies for those whose property has been converted or damaged by another"). Here, Pierce utilized the post-deprivation process, and the fact that his state claim was ultimately denied does not transform it into a federal due process violation. Therefore, Pierce's alleged property losses do not state a federal claim.

Pierce also complains about the fact that the prison employees did not follow department procedure during the inventory and storage process. However, violations of IDOC policy do not amount to constitutional violations. *See Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"); *Conner v. Hoem*, 768 Fed. Appx. 560, 564 (7th Cir. 2019) ("In any case, the Constitution does not require state actors to enforce their own policies and regulations.") (citing *Garcia v. Kankakee Cty. Hous. Auth.*, 279 F.3d 532, 535 (7th Cir. 2002)). Therefore, Pierce has not stated a claim by alleging the defendants failed to follow their own policies either.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v.*

*Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

Accordingly:

(1) the letter requesting the case be reopened is **CONSTRUED** as a motion to reconsider [DE 19];

(2) the motion to reconsider [DE 19] is **GRANTED** to the extent the case is reopened for screening purposes; and

(3) this case is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A because the complaint fails to state any claims.

**SO ORDERED** on March 26, 2024.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT